# EXHIBIT 1



CONFIDENTIAL AND PROPRIETARY - FOIA EXEMPT - DO NOT DISCLOSE

# CVS Caremark Provider Manual


# Miscellaneous

### Assignment

Neither party may assign the Agreement without the prior written consent of the other party; provided, however, that Caremark may, without consent, assign the Agreement to any direct or indirect parent, subsidiary, or affiliated company or to a successor company.

Any permitted assignee shall assume all obligations of its assignor under the Agreement. The Agreement shall inure to the benefit of and be binding upon each party, its respective successors and permitted assignees.

If Provider's proposed assignment is approved by Caremark, Provider covenants that Provider shall enter into an agreement with such permitted successor or permitted assignee assigning Provider's rights and obligations under the Agreement in form and substance acceptable to Caremark, including naming Caremark as an express third-party beneficiary thereof. Notwithstanding an approved assignment and a permitted successor's or permitted assignee's assumption of Provider's liabilities and obligations under the Agreement, Provider will remain jointly liable for any liabilities and obligations under the Agreement until such permitted successor or permitted assignee satisfies such liabilities and obligations in full.

The terms of this **Assignment** section apply notwithstanding any other provision in the Agreement.

### Independent Contractors and Third-Party Beneficiaries

Caremark and Provider are considered independent contractors, and shall have no other legal relationship under or in connection with the Provider Agreement. Neither party will act as or be deemed a representative of the other party for any reason whatsoever.

Except as otherwise provided for in the Provider Agreement, including but not limited to, the **Indemnification** and **Arbitration** sections, no term or provision in the Provider Agreement is for the benefit of any person who is not a party to the Provider Agreement, and no such party shall have any right or cause of action under the Provider Agreement.

### Court Orders, Subpoenas or Governmental Requests

If Caremark receives a court order, subpoena or governmental request relating solely to Provider, Caremark may comply with such order, subpoena or request, and Provider must indemnify and hold harmless Caremark for, from, and against any and all costs (including reasonable attorneys' fees and costs), losses, damages, or other expenses Caremark may suffer or incur in connection with the responding to such order, subpoena or request.

If Provider is requested or required to disclose any Confidential Caremark Information, whether by oral questions, interrogatories, requests for information or documents, subpoenas, or other processes, Provider must promptly provide Caremark with written notice of any such request or requirement so that Caremark may seek an appropriate protective order or other appropriate remedy. If such protective order or other remedy is not obtained, Provider will disclose only that portion of the Confidential Caremark Information as to which it has been advised by legal counsel that disclosure is required by Law; and Provider must exercise its best efforts to obtain reliable assurances that confidential treatment will be accorded to the Confidential Caremark Information that is disclosed in response to such requests or requirements.

### Notices

A notice pursuant to the Provider Agreement to Caremark must be in writing, be delivered in person by certified mail, courier, or first class mail, and be addressed to Network Management at Caremark at the address below:

**Caremark**
**Attn: Network Management, MC080**
9501 East Shea Boulevard
Scottsdale, AZ 85260

Any notice to Caremark must also be addressed and delivered to:

**Caremark**
**Attn: General Counsel, MC035**
9501 East Shea Boulevard
Scottsdale, AZ 85260

A notice pursuant to the Provider Agreement to Provider must be in writing, delivered in person by certified mail, courier, or first class mail, at the street, mailing, or check mailing address set forth in Provider's enrollment

documentation or as otherwise indicated by Provider to Caremark and agreed to by Caremark. Notwithstanding the foregoing, Caremark may give notice to Provider (1) via the claims adjudication system; (2) by facsimile via the Provider's facsimile number, or by e-mail via the e-mail address provided by Provider in Provider's enrollment documentation or as otherwise indicated by Provider to Caremark and agreed to by Caremark; or (3) via Caremark's Pharmacy Portal.

Notices are deemed received on the date of delivery to the other party when delivered in person, by courier, by e-mail, by facsimile, by secure electronic message, by certified mail, or when posted via Caremark's Pharmacy Portal. If notice is sent by first class mail, the notice is deemed received on the third business day after the date such notice was mailed.

By participating as a provider in Caremark's networks, Provider acknowledges that it has a prior express business relationship with Caremark and consents to receive facsimile communications as well as automated messages from Caremark.

The terms of this **Notices** section apply notwithstanding any other provision in the Provider Agreement.

### Amendments

From time to time, and notwithstanding any other provision in the Provider Agreement (which includes the Provider Manual), Caremark may amend the Provider Agreement, including the Provider Manual or other Caremark Documents, by giving notice to Provider of the terms of the amendment and specifying the date the amendment becomes effective. If Provider submits claims to Caremark after the effective date of any notice or amendment, the terms of the notice or amendment is accepted by Provider and is considered part of the Provider Agreement.

### Enforceability

In the event that any provision or term set forth in the Provider Agreement is determined invalid or unenforceable, such invalidity and unenforceability will not affect the validity or enforceability of any other provision or term set forth in the Provider Agreement.

### Arbitration

Any and all disputes between Provider and Caremark [including Caremark's current, future, or former employees, parents, subsidiaries, affiliates, agents and assigns (collectively referred to in this Arbitration section as "Caremark")], including but not limited to, disputes in connection with, arising out of, or relating in any way to, the Provider Agreement or to Provider's participation in one or more Caremark networks or exclusion from any Caremark networks, will be exclusively settled by arbitration. This arbitration provision applies to any dispute arising from events that occurred before, on or after the effective date of this Provider Manual. Unless otherwise agreed to in writing by the parties, the arbitration shall be administered by the American Arbitration Association ("AAA") pursuant to the then applicable AAA Commercial Arbitration Rules and Mediation Procedures including the rule governing Emergency Measures of Protection (available from the AAA). In no event may the arbitrator(s) award indirect, consequential, or special damages of any nature (even if informed of their possibility), lost profits or savings, punitive damages, injury to reputation, or loss of customers or business, except as required by Law. The arbitrator(s) shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of the agreement to arbitrate, including, but not limited to, any claim that all or part of the agreement to arbitrate is void or voidable for any reason. The arbitrator(s) must follow the rule of Law, and the award of the arbitrator(s) will be final and binding on the parties, and judgment upon such award may be entered in any court having jurisdiction thereof. Any such arbitration must be conducted in Scottsdale, Arizona and Provider agrees to such jurisdiction, unless otherwise agreed to by the parties in writing. Discovery shall be limited to documents and information for which there is a direct, substantial, and demonstrable need and where such documents and information can be located and produced at a cost that is reasonable in the context of all surrounding facts and circumstances. Further, when the cost and burden of e-discovery are disproportionate to the likely importance of the requested materials, the arbitrator may deny the requests or require that the requesting party advance the reasonable cost of production to the other side. The expenses of arbitration, including reasonable attorney's fees, will be paid for by the party against whom the final award of the arbitrator(s) is rendered, except as otherwise required by Law.

**Arbitration with respect to a dispute is binding and neither Provider nor Caremark will have the right to litigate that dispute through a court. In arbitration, Provider and Caremark will not have the rights that are provided in court, including the right to a trial by judge or jury. In addition, the right to discovery and the right to appeal are limited or eliminated by arbitration. All of these rights are waived and disputes must be resolved through arbitration.**